IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BOBBY DALE CARTER JR., § | |
|     Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:08-CV-636-Y |
| § | |
| NATHANIEL QUARTERMAN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
|     Respondent. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This action has been construed as a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Bobby Dale Carter Jr., TDCJ # 771467, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Amarillo, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

Carter is serving a life sentence for his 1996 conviction for capital murder in Tarrant County,

Texas. (Petition at 3) Carter pursued direct review of his conviction, culminating with the United States Supreme Court's denial of certiorari on June 25, 2001. (Resp't Preliminary Resp., Exhibit A) *Carter v. Texas*, No. 00-9682. Carter also pursued state postconviction habeas relief to no avail. His first state habeas application, filed on April 22, 2002, was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court on June 19, 2002. *Ex parte Carter*, Application No. 52,651-01, at cover. His second state habeas application, filed on November 29, 2007, was dismissed as successive by the Texas Court of Criminal Appeals on January 16, 2008. *Id.*, Application No. 52,651-02, at cover. Carter filed this federal petition for writ of habeas corpus on October 15, 2008.[1] As ordered, Quarterman has filed a preliminary response and documentary exhibits addressing only the issue of limitations, to which Carter has filed a reply.

## D. ISSUES

Carter raises three grounds for habeas relief. (Petition at 7)

## E. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] A pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, Carter's conviction became final and the one-year limitations period began to run on June 25, 2001, the date certiorari was denied by the Supreme Court. *See Id.* § 2244(d)(1)(A); *Howland v. Quarterman*, 507 F.3d 840, 843 (5th Cir. 2007); *Giesberg v. Cockrell*, 288 F.3d 268, 271 (5th Cir. 2002). Thus, Carter had until June 25, 2002, within which to file a timely federal petition, absent any tolling.

Carter is entitled to statutory tolling under § 2244(d)(2) for 58 days during the pendency of his first state habeas application, making his federal petition due on or before August 22, 2002. He is not, however, entitled to statutory tolling during the pendency of his second state habeas application, which was filed after the limitations period had already expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Carter demonstrated that he is entitled to additional tolling as a matter of equity, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling is warranted principally when the petitioner is actively misled by the defendant or is prevented in some extraordinary way

3

from asserting his rights. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). In order for equitable tolling to apply, the petitioner must diligently pursue habeas relief. *Id.* The petitioner bears the burden of establishing entitlement to equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Carter has not alleged that he was actively misled about the filing of his federal habeas petition nor has he asserted extraordinary circumstances that prevented him from complying with the federal limitations period. To the contrary, Carter claims he knew his petition was time-barred and that he filed a "Certificate of Appealability" under 28 U.S.C. § 2253 seeking consideration for appealability of Constitutional violations, which was erroneously construed as a petition for habeas corpus relief by the Amarillo Division before transferring the case to this Court. He states that he never intended to file a petition for writ of habeas corpus because of the time-bar issue and that construing his pleading as such caused the state's and Court's time to be wasted. (Pet'r Traverse at 1-2)

Carter's federal petition was due on or before August 22, 2002. His petition, filed on October 15, 2008, was filed beyond the limitations period and is untimely.

## II. RECOMMENDATION

Carter's petition for writ of habeas corpus should be DISMISSED with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file

specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 3, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until February 3, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 13, 2009.

      /s/   Charles Bleil  
CHARLES BLEIL  
UNITED STATES MAGISTRATE JUDGE